IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

CORNELIUS BROWNLOW, SR.,

                Petitioner               Case No. 3:05 CV 1118

-vs-

                                            MEMORANDUM OPINION

KELLEH KONTEH, Warden,

                Respondent.

KATZ, J.

This matter is before the Court on the Report and Recommendation (R & R) of the Magistrate Judge (Doc. 16) and Petitioner Cornelius Brownlow's objections to the R & R (Doc. 17), without response by Respondent Warden Khelleh Konteh. In accordance with *Hill v. Duriron Co.*, 656 F.2d 1208 (6th Cir. 1981) and 28 U.S.C. § 636(b)(1)(B) & (C), this Court has made a de novo determination of the Magistrate Judge's findings to which Petitioner objects.

**I. Background**

    **A. Factual Background**

The facts in this case as set forth by the Third District Court of Appeals are as follows:

During March and April of 2002, officers investigated crack cocaine trafficking activities in which Petitioner was alleged to be involved. On March 28, 2002, April 5, 2002, and April 30, 2002, an informant was used to make controlled buys. The informant was prepped prior to the buy and then drove to Petitioner's residence with the officers following. Petitioner left the home after the informant's arrival on three of four instances. Approximately 15 minutes later, Petitioner would return. The informant then emerged from the residence without the money supplied for the buy and with varying quantities of crack cocaine. At trial, the informant testified that Petitioner was the one who obtained and transported the drugs sold to him. During the second and third buys, Petitioner was followed from his residence to his sister's home. After the third buy, the officers obtained a search warrant for Petitioner's sister's home. The officers discovered large quantities of packaging material. In the sister's purse, the officers found several thousand dollars in cash, including a portion of the

buy money from the first and second controlled buys. Petitioner was then arrested on May 16, 2002, for his participation in the drug sales.

*Ohio v. Brownlow*, Case No. 1-02-73 (Ohio 3d Dist. Ct. App. Apr. 10, 2003) (Doc. 12, Ex. 7).

**B. Procedural Background**

The procedural facts in this case are set forth in the Magistrate Judge's R&R as follows:

On June 13, 2002, the grand jury of the State of Ohio, Allen County, issued an indictment against Petitioner for two counts of trafficking in crack cocaine (Counts one and three), two counts of trafficking crack cocaine with forfeiture specifications (Counts two and four), and one count of engaging in a pattern of corrupt activity (Count five) (Docket No. 12-2, Exhibit 1). Petitioner, through counsel, pleaded not guilty and trial was scheduled. On August 6, 2002, the court granted the state's oral motion to continue the trial, over Petitioner's objection (Docket No. 12-2, p. 2). The trial date was continued until August 13, 2002 (Docket No. 12-2, Exhibit 2). Prior to trial, Count three was dismissed upon the prosecutor's request. The jury returned a guilty verdict on the remaining Counts. On August 15, 2002 and on August 16, 2002, the court sentenced Petitioner to a term of 18 months imprisonment for count one, trafficking; eight years each for counts two and four, trafficking with specifications, and ten years of imprisonment on count five, engaging in a pattern of corrupt activity, all sentences to be served consecutively (Docket No. 12, Exhibit 3). On August 20, 2002, the sentence entry was amended to correct count five and delete count six as the indictment included only five counts (Docket No. 12-1, Exhibit 4).

Appellate counsel filed a timely appeal to the Third District Court of Appeals, Allen County, Ohio. The State filed a brief in response (Docket No. 12-2, Exhibit 6). The Court of Appeals affirmed Petitioner's conviction on April 11, 2003 (Docket No. 12-2, Exhibit 7). Petitioner did not file an appeal to the Ohio Supreme Court (Docket No. 12-2, p. 6).

Petitioner filed an application to reopen his direct appeal pursuant to App. R. 26(B) on February 20, 2004 (Docket No. 12-1, Exhibit 8). On April 27, 2004, the Court of Appeals denied Petitioner's application to reopen. The Court of Appeals found that (1) Petitioner had not shown good cause for the untimely filing and (2) appellate counsel was not deficient. On July 26, 2004, Petitioner sought leave to submit additional authority in support of his Rule 26(B) application (Docket No. 12-1, Exhibit 10). The Court of Appeals denied the motion since no pending application to reopen existed (Docket No. 12-1, Exhibit 11). Petitioner failed to appeal the denial of the Rule 26(B) motion to the Ohio Supreme Court.

> On October 25, 2004, Petitioner filed a second Rule 26(B) motion to reopen (Docket NO. 12-1, Exhibit 12). The appellate court denied the second Rule 26(B) motion (Docket No. 12-1, Exhibit 13). Petitioner appealed the denial of his second Rule 26(B) motion to the Ohio Supreme Court (Docket No. 12-1, p. 7). The Ohio Supreme Court dismissed the appeal as it lacked a substantial constitutional question (Docket No. 1-1, p. 5; Docket No. 12-1, Exhibit 15). On May 3, 2005, Petitioner, confined to the Toledo Correctional Institution (TCI) where Respondent is warden, filed this habeas petition (Docket No. 12-1, p. 4).

R&R at 2-5.

## II. Standard of review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which amended 28 U.S.C. § 2254, was signed into law on April 24, 1996. In *Lindh v. Murphy*, 521 U.S. 320, 336 (1997), the United States Supreme Court held that the provisions of the AEDPA apply to habeas corpus petitions filed after that effective date. *See also Woodford v. Garceau*, 538 U.S. 202, 210 (2003); *Barker v. Yukins*, 199 F.3d 867, 871 (6th Cir. 1999)("It is now well settled that AEDPA applies to all habeas petitions filed on or after its April 24, 1996 effective date."). Brownlow's petition was filed afer AEDPA's effective date..

AEDPA was enacted "to reduce delays in the execution of state and federal criminal sentences, particularly in capital cases, and 'to further the principles of comity, finality, and federalism.'" *Woodford*, 538 U.S. at 206 (citing *Williams v. Taylor*, 529 U.S. 362, 436 (2000)). In advancing such goals, Section 2254(d) places new constraints on "the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court." *Williams*, 529 U.S. at 412. Section 2254(d) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was

adjudicated on the merits in State court proceedings unless the adjudication of the claim --

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

When a Magistrate Judge issues a Report and Recommendation with regard to a petitioner's writ of habeas corpus, a district court reviews such findings de novo. *Hill v. Duriron Co.*, supra, and 28 U.S.C. § 636(b)(1)(B) & (C)**.**

## III. Discussion

The essence of Petitioner's objections turn on whether the statute of limitations and equitable tolling apply to invalidate his petition for writ of habeas corpus. Because this Court finds that the statute of limitations operates to bar Petitioner's application for a write of habeas corpus, it is unnecessary for the Court to go beyond these objections.

**A. Whether the writ of habeas corpus statute of limitations should have been tolled.**

A petitioner for a writ of habeas corpus has a one year limitation for which to file his action. 28 U.S.C. § 2244(d)(1).

The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the constitutional right asserted

> was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1) (A)-(D). Furthermore, "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Petitioner's direct appeal of his conviction was decided by the Court of Appeals on April 11, 2003. From that date, Petitioner had 45 days in which to file an appeal with the Ohio Supreme Court, and he failed to do so. Therefore, Petitioner's conviction became final on May 26, 2003 and the one year limitation to bring a writ of habeas corpus began to run. Petitioner did not file for a writ of habeas corpus until May 3, 2005, well beyond the 365 day limitation.

However, between that time, Petitioner did file applications to reopen pursuant to Ohio R. App. 26(B). Because the 365 day limitation does not begin until the conclusion of direct review, it must be determined if Rule 26(B) applications are part of direct review. If not part of direct review, Rule 26(B) applications may be part of collateral review, and thus will toll the statute of limitations.

**B. Whether a state reopening application under Ohio R. App. 26(B) constitutes direct or collateral review.**

The determination of whether an application under Ohio R. App. 26(B) is part of direct review or collateral is important. The statute of limitations for a writ of habeas corpus does not begin to run until after the expiration of time allowed seeking direct review. 28 U.S.C. 2244(d)(1). Therefore, if a Rule 26(B) application were part of the direct review process, then the statute of limitations would

5

be tolled. *Lopez v. Wilson*, 426 F.3d 339, 346 (6th Cir. 2005). Furthermore, "direct review is not subject to a 'properly-filed' requirement." *Id.* Collateral review tolls the statute of limitations and is subject to a "properly-filed" requirement. *Id.*

The Sixth Circuit in *White v. Schotten* ruled that Rule (26)(B) applications were part of direct review. *White v. Schotten*, 201 F.3d 743 (6th Cir. 2000). However, courts continued to consider a Rule (26)(B) application to be part of the collateral post-conviction procedure. *See, e.g., State v. Creasey*, 2001 Ohio App. LEXIS 3953, 2001 WL 1167121, at *1 (Ohio Ct. App. Aug. 29, 2001) (holding that, notwithstanding *White*, there is no constitutional right to assistance of counsel under Rule 26(B)); *State v. Marcum*, 2002 Ohio 21, 2002 WL 42894, at *3 (Ohio Ct. App. Jan. 14, 2002) (same); *State v. Darrington*, 2000 Ohio App. LEXIS 5103, 2000 WL 1655236, at * 2 (Ohio Ct. App. Oct. 27, 2000) (holding that, notwithstanding *White*, 26(B) applications are post-conviction proceedings); *State v. Bragg*, 2001 Ohio App. LEXIS 5315, 2001 WL 1671424, at *1 (Ohio Ct. App. Nov. 26, 2001) (same); *State v. Walker*, 2001 Ohio App. LEXIS 3956, 2001 WL 1167158, at *2 (Ohio Ct. App. Aug. 3, 2001) (same); *State v. Dozier*, 2002 Ohio App. LEXIS 49, 2002 WL 42964, at *2 (Ohio Ct. App. Jan. 3, 2002) (same); *State v. Collins*, 2002 Ohio 166, 2002 WL 77117, at *1 (Ohio Ct. App. Jan. 22, 2002) (agreeing that there is no right to counsel in Rule 26(B) application to reopen appeals, notwithstanding *White*); *Lopez v. Wilson*, 426 F.3d 339, 344 (6th Cir. 2005).

In *Lopez*, the Circuit addressed whether a prisoner had a federal constitutional right to assistance of counsel when reopening his appeal under Ohio R. App. P. 26(B). *Lopez v. Wilson*, 426 F.3d 339, 341 (6th Cir. 2005). Whether or not there was a federal constitutional right to assistance of counsel turned on whether an application to reopen under Rule 26(B) was part of direct review or

6

collateral review. In deciding this issue, the court overruled *White v. Schotten*, relying heavily on the recently decided Ohio Supreme Court, *Morgan v. Eads*, 104 Ohio St. 3d 142, 2004 Ohio 6110, 818 N.E.2d 1157, 1158 (Ohio 2004), which ruled "that the Rule 26(B) procedure is collateral post-conviction review." *Id.* at 349. In *Ruff v. Moore*, the district court noted that, "[i]n Ohio, a state reopening application under Ohio R. App. 26(B) is considered a 'collateral matter rather than part of direct review,' to which constitutional protections do not extend." *Ruff v. Moore*, 2006 U.S. Dist. LEXIS 54298 (S.D. Ohio 2006).

Petitioner's Rule 26(B) application to reopen appeal is collateral, and therefore subject to the properly filed requirement. *Lopez v. Wilson*, 426 F.3d at 346. "An application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005); *see Artuz v. Bennett*, 531 U.S. 4, 8, 148 L. Ed. 2d 213, 121 S. Ct. 361 (2000). Rule 26(B) states, "An application for reopening shall be filed in the court of appeals where the appeal was decided within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time." Ohio App. R. 26.

Petitioner filed a timely appeal to the Third District of Appeals, Allen County, Ohio (Docket No. 12-2, Exhibit 6); and the Court of Appeals affirmed Petitioner's conviction on April 11, 2003 (Docket No. 12-2, Exhibit 7). Petitioner did not file an appeal to the Ohio Supreme Court. Petitioner did not file his application to reopen his direct appeal pursuant to App. R. 26(B) until February 20, 2004 (Doc. 12, Ex. 8). This application is well past the ninety day time limit set forth in Rule 26(B). This untimely application to reopen did not meet the "properly filed" requirement, and therefore did not toll the statute of limitations.

**IV. Conclusion**

The Magistrate Judge's R&R is hereby adopted to the extent that it finds Petitioner's application is barred by the applicable statute of limitations.

IT IS SO ORDERED.

                                        S/ *David A. Katz*
                                        DAVID A. KATZ
                                        U. S. DISTRICT JUDGE